UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA WALLIS, *Plaintiff* | § § § § § | |
| v. | § § § § § | CASE NUMBER: 1:23-cv-00237  <br>DEMAND FOR JURY TRIAL |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, *Defendant.* | § § § | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiff, Amanda Wallis ("Plaintiff" or "Wallis" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") for violations of the FDCPA against Defendant, Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant" herein).

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

4. Plaintiff suffered an injury in fact that is traceable to Portfolio's conduct and that is likely to be redressed by a favorable decision in this matter. Plaintiff further suffered a concrete injury because of Defendant's violations contained herein, including, and not limited to false credit reporting.

5. Plaintiff suffered a concrete economic injury to the extent that he has viable claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

## THE PARTIES

6. Plaintiff, Amanda Wallis, is an individual who resides in Hays County, Texas.

7. Defendant, Portfolio Recovery Associates, LLC, is a foreign corporation that is authorized to do business in Texas. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

9. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally relating to Synchrony Bank ("Alleged Debt").

10. The Alleged Debt(s) is a "debt" as that term is defined by §1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the Alleged Debt(s), and it subsequently went into default.

12. The Alleged Debt(s) was subsequently acquired by Portfolio sometime thereafter.

13. Portfolio regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

14. Portfolio is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

15. On or about March 16, 2021, Portfolio commenced a lawsuit ("Lawsuit" herein) in Hays County Justice of the Peace Precinct #5 against Plaintiff with regards to the Alleged Debt: styled Portfolio Recovery Associates, LLC v. Amanda Wallis, Cause Number D21-110J5, Hays County Justice of the Peace #5.

16. Plaintiff, by and through the undersigned counsel, subsequently filed an answer in Travis County Court and served a copy of the answer on counsel for Portfolio.

17. The parties subsequently engaged in discovery in the lawsuit and Plaintiff continued to dispute the merits of the Lawsuit. Consequently, Portfolio had reason to know that there was a dispute by Plaintiff as to the Alleged Debt.

18. Notwithstanding the ongoing litigation and dispute regarding the Alleged Debt, on or about April 30, 2022, Portfolio communicated to Transunion information regarding the Alleged Debt, but failed to communicate that there was a dispute of the Alleged Debt.

19. The communication to Transunion was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692 e

20. Plaintiff re-alleges the above-referenced paragraphs.

21. 15 U.S.C. §1692(e) of the FDCPA provides as follows:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

22. Portfolio violated section e(8) by transmitting information regarding the Alleged Debt to Transunion on or about April 30, 2022, but Portfolio failed to communicate the dispute of the Alleged Debt. Moreover, Portfolio has been aware of the fact that Plaintiff continued to dispute the Alleged Debt during the pendency of the Lawsuit.

23. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

### COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

25. 15 U.S.C. §1692(f) of the FDCPA provides as follows:

> **UNFAIR PRACTICES**
>
> **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

26. Plaintiff alleges that the filing of the underlying state court lawsuit to collect the Alleged Debt in conjunction with the transmission of false credit information, collectively demonstrates unfair and unconscionable conduct in violation of 15 U.S.C. §1692f.

### REQUEST FOR ATTORNEYS' FEES

27. Plaintiff seeks reasonable attorneys' fees FDCPA and any other legal basis.

### TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Amanda Wallis, respectfully prays that the Defendant, Portfolio Recovery Associates, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment, and post judgment interest as allowed by law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Amanda Wallis*